UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES TINKER and | ) |
| TRANS-PORTE, INC. | ) |
| d/b/a US FOOD SERVICE, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant James Tinker removes this action from the St. Joseph Circuit/Superior Court of Indiana to the United States District Court for the Northern District of Indiana, South Bend Division, under 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. In support of this notice, Defendant Tinker states as follows:

**I.  Introduction**

1. Plaintiff Ronald Baker filed his civil complaint for damages against Defendants James Tinker and Trans-Porte, Inc. on March 15, 2019, in the St. Joseph Circuit/Superior Court of Indiana, No. 71D06-1903-CT-000100. Though Defendants Tinker and Trans-Porte have not been properly served, Defendant Tinker received a copy of the complaint within 30 days on March 22, 2019. The complaint shows that

complete diversity exists among the parties,[1] and the amount in controversy exceeds $75,000. Removal is thus proper.

## II.  Removal Is Timely

2. This notice of removal is timely because it has been filed within one year of the commencement of this action on March 15, 2019, and within 30 days after receipt of the complaint by Defendant Tinker on March 22, 2019. 28 U.S.C. § 1446(b)(1).

## III.  This Court Has Diversity Jurisdiction

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, and so this action may be removed under 28 U.S.C. § 1441 and § 1446. Diversity jurisdiction exists because there is complete diversity of citizenship—Plaintiff Baker is a citizen of Indiana, and Defendants Tinker and Trans-Porte are not citizens of Indiana—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.  Complete diversity of citizenship exists

4. Plaintiff Baker is a citizen of Indiana. *See* Compl., ¶ 1.

5. Defendant Tinker is a citizen of Michigan. *See* Compl., ¶ 2.

6. Defendant Trans-Porte is a citizen of Delaware and Illinois because it was incorporated in Delaware and has its principal place of business in Illinois. *See* Compl., ¶ 3; 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by

---

[1] Plaintiff Baker's counsel has been informed that, contrary to his allegations, Defendant Tinker is an employee of US Foods, Inc. and not of Defendant Trans-Porte. US Foods, Inc. is a citizen of Illinois and Delaware.

which it has been incorporated and of the State where it has its principal place of business").

7. This action thus involves "citizens of different States," 28 U.S.C. § 1332(a)(1)-(2), and removal is proper with complete diversity of citizenship.

**B.  The amount in controversy exceeds $75,000**

8. The amount-in-controversy for diversity jurisdiction is satisfied here because the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

9. This "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). No evidentiary support is required, and jurisdictional allegations are enough. *Id.* at 553. If the allegations are challenged, the parties must then submit proof for the district court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *Id.* at 554. Moreover, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978).

10. With his complaint, Plaintiff Baker claims damages from an accident where a semi-tractor and double-trailer turned "directly into the path of Plaintiff's travel" (Compl., ¶ 9) and he "sustained physical injuries and incurred medical

expenses, pain and suffering, emotional distress, property damage, loss of use of his property, rental expenses, diminution of the value of his property, and lost time, all of which damages are in an amount yet uncertain" (Compl., ¶ 10).




11. Despite requests for a demand, Plaintiff Baker's counsel has not stipulated that he is not seeking and will neither demand nor accept any recovery in excess of $75,000. Rather, Plaintiff Baker's counsel has represented that his medical treatment is ongoing and thus cannot issue a demand. When, as here, plaintiff will make no commitment pre-removal, "the inference arises that he thinks his claim may be worth more" than $75,000. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) ("plaintiff can defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages.").

12. Plaintiff Baker's allegations of sustained (and ongoing) physical injuries and incurred (and ongoing) medical expenses, pain and suffering, emotional distress,

4

property damage, loss of use of his property, rental expenses, diminution of the value of his property, and lost time make it plausible that the controversy exceeds $75,000.[2] *Bunch v. Wal-Mart*, No. 1:09-CV-071, 2009 WL 1076162, at *3 (N.D. Ind. Apr. 20, 2009) (similar allegations are facially apparent that the controversy exceeds $75,000, and "[c]ertainly, it does not appear to a legal certainty that the claim is really for less than $75,000"); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (same; trucking accident); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1066 (S.D. Ill. 2006) (same; trucking accident); Vance v. Hill, No. 3:17-CV-3312, 2019 WL 1083770, at *2 (C.D. Ill. Mar. 7, 2019) (same; trucking accident); *Troyer v. Jeff Foster Trucking, Inc.*, No. CIV.10-258-GPM, 2010 WL 1797623, at *2 (S.D. Ill. May 4, 2010) (same; trucking accident); *Ellis v. Hansen & Adkins Auto Transp.*, No. CIV.09-677-GPM, 2009 WL 4673933, at *2 (S.D. Ill. Dec. 4, 2009) (same; trucking accident); *Marrs v. Quickway Carriers, Inc.*, No. 06 C 1713, 2006 WL 2494746, at *3 (N.D. Ill. Aug. 23, 2006) (same; trucking accident).

## IV. The Procedural Requirements Are Satisfied

13. Attached to this notice are all process, pleadings, and orders served on Defendant Tinker and the state court docket. *See* 28 U.S.C. § 1446(a).

---

[2] Under Indiana Rule of Trial Procedure 8, Plaintiff Baker's complaint appropriately has no dollar amount or figure. *See* Ind. R. Tr. P. ("in any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand").

14. Venue is proper because the United States District Court for the Northern District of Indiana, South Bend Division, is the federal judicial district encompassing the St. Joseph Circuit/Superior Court of Indiana. *See* 28 U.S.C. § 94(a); 28 U.S.C. § 124(a)(5).

15. Defendants Tinker and Trans-Porte have consented to removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A).

16. This notice will be served on Plaintiff Baker, through his counsel of record, and will be filed promptly with the St. Joseph Circuit/Superior Court of Indiana. *See* 28 U.S.C. § 1446(d).

17. No prior notices of removal have been filed, but "[n]othing in § 1446 forecloses multiple petitions for removal." *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999).

## V. <u>Conclusion</u>

18. For these reasons, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441(b). Should Plaintiff Baker contest these jurisdictional allegations, discovery should be permitted to ascertain the facts bearing on the issues, and the parties should then submit proof for this Court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are met. *Dart Cherokee*, 135 S. Ct. at 554; *Oppenheimer Fund*, 437 U.S. at 351 n.12.

## VI. <u>Jury Demand</u>

19. Defendant Tinker demands a trial by jury in this action on all issues.

**WHEREFORE**, Defendant James Tinker removes this action from the St. Joseph Circuit/Superior Court of Indiana to the United States District Court for the Northern District of Indiana, South Bend Division, under 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  April 22, 2019                Respectfully submitted,

By: /s/ *Brian O. Watson*
BRIAN O. WATSON, #6304248
RILEY, SAFER, HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Ste. 2900
Chicago, Illinois  60602
Telephone:  (312) 471-8700
Fax:  (312) 471-8701
bwatson@rshc-law.com

## **CERTIFICATE OF SERVICE**

On April 22, 2019, I electronically submitted these papers with the Clerk of Court for the U.S. District Court of Northern District of Indiana, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian O. Watson